UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

United States of America,

Plaintiff,

vs. ORDER

Derrick Angelo Harper,

Defendant. Crim. No. 00-311(01)(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the conduct of a Preliminary Revocation Hearing, and the conduct of a Detention Hearing pursuant to the Government's Motion that the Defendant be detained, without bail, pending further proceedings. See, Rule 32.1(a)(6), Federal Rules of Criminal Procedure; Title 18 U.S.C. §3142(f). The referenced Hearings were conducted on March 28, 2005, at which time the Defendant appeared personally, and by Daniel M. Scott, Federal Public Defender, and the Government appeared by Richard A. Newberry, Assistant United States Attorney.

For reasons which follow, we find probable cause to believe that the Defendant committed the offenses charged in the Petition which led to his arrest, and we conclude that the Defendant should be detained pending further Court proceedings.

## II. Discussion

A. Probable Cause. On May 31, 2001, the Defendant was sentenced for bank robbery by the District Court, the Honorable Michael J. Davis presiding. Following the completion of his Federal incarceration, the Defendant was released under conditions of supervised release which were explained to him on January 21, 2005, by his Probation Officer, Matthew T. Whiting ("Whiting"). According to the testimony of Whiting, the Defendant's urinalysis, on January 21, 2005, proved positive for marijuana, and a subsequent urine specimen tested positive for cocaine on March 8, 2005. In addition, the Defendant failed to appear for his weekly urinalyses, with the exception of one on February 18, 2005, which tested negative. In addition, the Defendant has failed to participate in chemical dependency counseling since February 18, 2005. The positive urinalyses, and the failure to participate in chemical dependency counseling violate the terms and conditions of Supervised Release.

Whiting's testimony is credible and unrebutted. In fact, the Defendant concedes that there is probable cause for the violations noted in the Petition which led

to his arrest. Accordingly we hold the Defendant to answer those charges at a Revocation Hearing to be conducted by the District Court.

B. Pretrial Detention or Release. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the Judicial Officer is to take into account and weigh the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the accused, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and, the nature and seriousness of the danger to any person or the community that would be posed by the accused's release. Title 18 U.S.C. §3142(g); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

Detention may be based upon a showing of either dangerousness or risk of flight. A finding that each is present is not essential to a determination for detention. United States v. Cantu, 935 F.2d 950, 951 (8th Cir. 1991); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986); United States v. Rueben, 974 F.2d 580, 586 (5th Cir.

1992), cert. denied, 507 U.S. 940 (1993); United States v. Jessup, 757 F.2d 378, 380, 388 (1st Cir. 1985)(sustaining pretrial detention without bond on appearance ground alone), abrogated on other grounds, United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990); United States v. Cashin, 739 F. Supp. 1107, 1111 (E.D. Mich. 1990); United States v. Kouyoumdjian, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985); but cf., United States v. Orta, 760 F.2d 887, 891 n. 19 (8th Cir. 1985)(Question expressly left open).

A defendant will be detained, pending a Trial, only if the Government demonstrates, by clear and convincing evidence,[1] that no release condition, or set of conditions, will reasonably assure the safety of a person or the community-at-large or, by a preponderance of the evidence, that there are no conditions which will reasonably assure that defendant's appearance. United States v. Salerno, 481 U.S. 739, 754 (1987); United States v. Abad, supra at 797; United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003).

Here, we are convinced that we cannot craft terms and conditions for the Defendant's release, pending a Revocation Hearing, which will garner greater

---

[1]Clear and convincing evidence is something more than proof by a preponderance of the evidence, but less than proof beyond a reasonable doubt. Addington v. Texas, 441 U.S. 418, 429 (1979).

compliance than those as to which we have found probable cause to believe that the Defendant has violated. Apparently, while the Defendant was in a halfway house placement, just prior to his term of Supervised Release, he began reusing prohibited substances. Notwithstanding the directives of his Probation Officer, the Defendant appears to have continued to abuse illegal controlled substances, and has failed to participate, as had been directed by the District Court, in a program of chemical dependency counseling.

In addition, the Defendant has not successfully retained employment and, at the time of his most recent arrest, he was unemployed. Moreover, of late, he proved to have been unable to be located, despite the concentrated effort of Whiting to determine the Defendant's whereabouts. Accordingly, given the failure of the Defendant to carry his burden, under Rule 32.1(a)(6), Federal Rules of Criminal Procedure, to establish that he will neither flee, nor pose a danger to any other person or the community, we find clear and convincing evidence that the Defendant poses an unreasonable risk to the safety of the community, and an unreasonable risk of flight, which may not be reasonably controlled by one or more conditions for his Pretrial Release. Therefore, the Defendant shall be detained in the custody of the United States Marshal pending further Order of the Court.

NOW, THEREFORE, It is --

ORDERED:

1. That, having found probable cause that the Defendant committed the violations charged in the Petition which led to his release, we hold him to answer to those charges at a Revocation Hearing, pursuant to Rule 32.1(b)(2), Federal Rules of Criminal Procedure, to be scheduled before the District Court.

2. That the Government's informal Motion for Detention Without Bail Pending Hearing is GRANTED.

3. That the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. That the Defendant be afforded a reasonable opportunity for private consultation with defense counsel.

5. That, on the Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

BY THE COURT:

Dated: March 28, 2005

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE